PUBLISHED

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# BIG STONE GAP DIVISION

| | |
|---|---|
| KENNETH H. McMAHAN, ) | |
| ) | |
| Plaintiff, ) | Case No. 2:05CV00005 |
| ) | |
| v. ) | **OPINION** |
| ) | |
| JO ANNE B. BARNHART, ) | By: James P. Jones |
| COMMISSIONER OF SOCIAL ) | Chief United States District Judge |
| SECURITY, ) | |
| ) | |
| Defendant. ) | |

*Sue Ella Kobak, Pennington Gap, Virginia, for Plaintiff; Sara Bugbee Winn, Assistant United States Attorney, Roanoke, Virginia, for Defendant.*

In this Social Security case, the Commissioner has moved to dismiss based on the statute of limitations. Because the plaintiff has not alleged any facts showing the proper application of equitable tolling, I will grant the motion and dismiss the action.

I

Kenneth H. McMahan filed this action challenging the final decision of the Commissioner of Social Security ("Commissioner") denying his application for disability insurance benefits under the provisions of the Social Security Act, 42 U.S.C.A. §§ 401-433 (West 2003 & Supp. 2005). In response, the Commissioner has

moved to dismiss on the ground that the action was not filed within sixty days of the administrative decision, as required by 42 U.S.C.A. § 405(g). Both sides presented materials outside of the Complaint, and the court gave notice to the parties that it intended to treat the motion as one for summary judgment and dispose of it as provided in Fed. R. Civ. P. 56. *See* Fed. R. Civ. P. 12(b)(6); *Fayetteville Investors v. Commercial Builders, Inc.*, 936 F.2d 1462, 1471 (4th Cir. 1991). The parties were given an additional opportunity to respond and the motion is now ripe for decision.

The Act provides that civil actions seeking judicial review of a final decision of the Commissioner must be commenced within sixty days after the mailing of a notice of the decision. *See* 42 U.S.C.A. § 405(g). This statute of limitations is not jurisdictional and is subject to equitable tolling. *See Bowen v. City of New York*, 476 U.S. 467, 478-80 (1986). This limitations period has been modified by the Commissioner's regulations so that it begins to run only upon receipt of the notice rather than upon its mailing. *See* 20 C.F.R. § 422.210(c) (2004). In addition, the regulations provide that the date of receipt of notice is presumed to be five days after the date of such notice. *Id*. A plaintiff can rebut this presumption by making a "reasonable showing to the contrary" that she did not receive notice within five days. *Id*. If the plaintiff successfully rebuts the presumption, the burden shifts to the

Commissioner to show that the plaintiff received actual notice of the Commissioner's decision. *Matsibekker v. Heckler*, 738 F.2d 79, 81 (2d Cir. 1984).

The decision of the Social Security Administration's Appeals Council in the plaintiff's case, the final administrative action, was dated March 19, 2002. The Commissioner has filed a declaration of an employee of the Office of Hearings and Appeals that a copy of the decision of the Appeals Council was mailed to the plaintiff on that day.[1] In an affidavit, the plaintiff avers that he did not receive the decision, but that he was told by his present attorney on October 18, 2004, that she had been advised by the Appeals Council that it had decided his appeal in March of 2003.[2]

The plaintiff's Complaint was not filed in this court until January 19, 2005.

Assuming that the plaintiff's alleged failure to receive a copy of the Appeals Council's decision rebuts the presumption of notice,[3] the decisive question becomes

---

[1] A computer printout supplied with the decision shows that the decision was "issued" on March 20, 2002, although the decision itself is marked March 19, 2002.

[2] Records from the Social Security Administration ("SSA") corroborate that on October 15, 2004, the plaintiff's attorney talked by telephone with an employee of the SSA and was told that the Appeals Council had denied review.

[3] There is some authority for the proposition that an affidavit from a claimant is not sufficient to rebut the presumption of receipt. *See Leslie v. Bowen*, 695 F. Supp. 504, 506 (D. Kan. 1988) (holding that affidavit stating a later date of notice failed to rebut presumption of notice within five days); *Rouse v. Harris*, 482 F. Supp. 766, 769 (D.N.J. 1980) (recognizing that statements in an affidavit are made in good faith, but holding that they do not rebut the presumption of notice within five days).

-3-

whether the telephone conversations between the SSA and the plaintiff's attorney, and between the plaintiff and his attorney, nonetheless constitute actual notice of the decision. At least one other court in this circuit has answered this question in the affirmative. In *Gibbs v. Harris*, 501 F. Supp. 124, 125 (D. Md. 1980), *aff'd mem.*, 665 F.2d 1039 (4th Cir. 1981), the claimant did not receive notification by mail of the final decision of the Appeals Council. When he called the SSA to determine the status of his case, a staff member advised the claimant that the Appeals Council had affirmed the decision of the hearing examiner. *Id*. The court held that this telephone call constituted notice of the decision, and applied the sixty-day statute of limitations from the date of that call. *Id* at 126. Courts in other circuits have applied this same rule in similar situations. *See Matsibekker*, 738 F.2d at 82 (using date of claimant's visit to the SSA office as date of actual notice when claimant never received notice by mail); *Bartolomie v. Heckler*, 597 F. Supp. 1113, 1116 (N.D.N.Y. 1984) (holding that the claimant received notice when his attorney received a response from the Appeals Council to a letter inquiring about the status of the claimant's case).

     In the present case it is uncontested that the plaintiff did not file his Complaint within sixty days of his admitted actual notice of the Commissioner's final decision. Accordingly, I hold that his Complaint was not timely filed.

-4-

Finally, I have considered whether this is one of those "rare case[s]," *Bowen*, 476 U.S. at 481, in which the application of equitable tolling is appropriate, and conclude that it is not. *See Gibbs v. Barnhart,* No. 2:04CV00056, 2005 WL 283205, at *1 (W.D. Va. Feb. 7, 2005) (holding that oversight by attorney causing late filing does not justify equitable tolling).

II

For these reasons, the Commissions's Motion to Dismiss, treated as a Motion for Summary Judgment, will be granted. A separate Judgment will be entered forthwith.

        DATED: July 19, 2005

        /s/ JAMES P. JONES
        Chief United States District Judge